UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS GONZALEZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>SKYRISE RESTORATION GROUP INCORPORATED, GREY STONE RESTORATION CORP., and BILAL RIAZ, individually,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Luis Gonzalez, by and through his attorneys, alleges upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, against Defendants SKYRISE RESTORATION GROUP INCORPORATED, GREY STONE RESTORATION CORP., and BILAL RIAZ, individually, as follows:

## 1. NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL") to recover unpaid wages and related relief.

## 2. JURISDICTION AND VENUE

2. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's NYLL claims because those claims form part of the same case or controversy as his FLSA claims.

4. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## 3. PARTIES

5. Plaintiff Luis Gonzalez is an adult individual who worked for Defendants in New York as a non-exempt employee.

6. Defendant Skyrise Restoration Group Incorporated ("Skyrise") is a New York corporation doing business in New York, including from 721 Park Lane, Cedarhurst, New York 11516.

7. Defendant Grey Stone Restoration Corp. ("Grey Stone") is a New York corporation doing business in New York, including from 721 Park Lane, Cedarhurst, New York 11516.

8. Defendant Bilal Riaz was, at all relevant times, an owner, officer, manager, and/or person acting directly or indirectly in Defendants' interest in relation to Plaintiff and other employees.

9. Bilal Riaz had authority over hiring and firing, pay practices, payroll decisions, scheduling, work assignments, supervision, and other material terms and conditions of employment.

10. At all relevant times, Defendants were Plaintiff's employers and/or joint employers within the meaning of the FLSA and the NYLL.

11. At all relevant times, Defendants operated as a single integrated enterprise and common employer, including by sharing management, labor, operations, pay practices, work locations, and control over employees.

## 4. FACTS

12. Defendants employed Plaintiff approximately from January 2019 through late December 2025.

13. Plaintiff performed labor throughout New York, including in Manhattan, the five boroughs, and Long Island, and for a short period in New Jersey. Plaintiff performed a substantial amount of work in Manhattan.

14. Plaintiff typically worked from approximately 8:00 a.m. until approximately 4:00 p.m.

15. Plaintiff usually worked five days per week and, during recurring periods of his employment, including portions of 2019 through 2022, also worked a sixth day approximately once per month.

16. In those weeks when Plaintiff worked a sixth day, he worked more than forty hours in the workweek.

17. Defendants paid Plaintiff approximately $200 per day.

18. Defendants paid Plaintiff by check, including checks bearing the names of both Skyrise and Grey Stone.

19. Defendants did not pay Plaintiff an overtime premium for over forty hours worked in a workweek.

20. Defendants did not keep exact records of Plaintiff's hours worked.

21. Plaintiff did not punch in or out, and Defendants did not keep correct written time records reflecting all hours worked.

22. Defendants' pay practices were irregular, and Plaintiff's wages were sometimes paid one to three weeks late.

23. Plaintiff was a manual worker within the meaning of the NYLL.

24. Beginning on or about July 28, 2025 and continuing through the end of Plaintiff's employment, Defendants did not pay Plaintiff earned wages.

25. During his employment, Defendants required Plaintiff to purchase or advance money for items needed for the job, including blades, grinder rental, and other job-related materials and supplies.

26. Defendants did not fully reimburse Plaintiff for all such required business expenses.

27. In workweeks in which Defendants paid Plaintiff nothing, and in workweeks in which Defendants shifted required business expenses onto him without reimbursement, Plaintiff's effective wages fell below the applicable minimum wage.

28. Defendants never provided Plaintiff, at hiring or within ten business days thereafter, the wage notice required by NYLL § 195(1).

29. Defendants also failed to furnish Plaintiff with accurate wage statements with each payment of wages, as required by NYLL § 195(3).

30. The checks Plaintiff received did not provide the complete information required by New York law, including accurate statements of pay periods, rates, regular and overtime hours, and wage calculations.

31. Defendants knew or should have known that Plaintiff was entitled to minimum wages, overtime wages, timely weekly payment, and the notices and statements required by law.

32. Defendants nonetheless maintained pay practices that deprived Plaintiff of those rights.

33. Bilal Riaz personally directed Plaintiff's work, scheduled him, determined his pay, and exercised operational control over the wage practices challenged here.

34. Plaintiff complained about missing and delayed pay during his employment, but Defendants did not cure the violations.

35. Defendants' conduct was willful, knowing, intentional, and/or in reckless disregard of the FLSA and NYLL.

36. Upon information and belief, Defendants had annual gross sales made or business done of at least $500,000 during the relevant period.

37. Upon information and belief, Defendants handled goods, tools, equipment, materials, and supplies that moved in interstate commerce.

38. Those goods and materials included, among other things, blades, grinders, paint, waterproofing products, construction tools, scaffolding-related items, roofing materials, caulk, and other building materials.

39. Plaintiff was therefore covered by the FLSA individually and/or through enterprise coverage.

40. Defendants' failure to provide Plaintiff with the wage notice and wage statements required by NYLL caused Plaintiff concrete harm.

41. Because Defendants did not provide a compliant wage notice, Plaintiff was deprived of written notice of his rates of pay, basis of pay, regular payday, and the employer information New York law required Defendants to disclose.

42. Plaintiff was forced to reconstruct his pay rather than from the records Defendants had to provide.

43. Those failures also impaired Plaintiff's ability to timely secure wages needed for ordinary living expenses.

44. Plaintiff therefore suffered an injury in fact caused, at least in part, by Defendants' failure to furnish the wage notice and wage statements required by NYLL § 195.

## 5. FLSA COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b) on behalf of himself and similarly situated employees.

46. The proposed FLSA Collective consists of all current and former non-exempt laborers employed by Defendants in New York at any time during the three years preceding the filing of this action through final judgment.

47. Plaintiff and members of the FLSA Collective were similarly situated because they were subject to common pay practices, centralized control, and substantially similar job duties.

48. Upon information and belief, Defendants used common policies and practices affecting Plaintiff and the FLSA Collective, including flat day rates, failure to pay overtime premiums, untimely wage payments, deficient payroll records, and unlawful shifting of required work expenses.

49. The similarly situated employees are known to Defendants, are readily identifiable through payroll and personnel records, and may be notified of the pendency of this action by mail, email, text message, posting, and/or other means authorized by the Court.

## 6. RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff brings his NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

51. The proposed New York Class consists of all current and former non-exempt laborers employed by Defendants in New York at any time during the six years preceding the filing of this action through final judgment.

52. The members of the New York Class are so numerous that joinder is impracticable.

53. There are questions of law and fact common to the New York Class that predominate over any questions affecting only individual members, including whether Defendants were class members' employers; whether Defendants operated as a joint employer and/or single integrated enterprise; whether Defendants failed to pay minimum wages, overtime wages, and timely wages; and whether Defendants failed to furnish lawful wage notices and wage statements.

54. Plaintiff's claims are typical of the claims of the New York Class because they arise from the same policies, practices, and course of conduct.

55. Plaintiff will fairly and adequately protect the interests of the New York Class, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## 7. CAUSES OF ACTION

### 7.1. Failure to Pay Minimum Wages Under the FLSA - 29 U.S.C. §§ 206, 216(b)

56. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

57. The FLSA requires employers to pay covered employees at least the applicable minimum wage for each hour worked.

58. Defendants failed to pay Plaintiff and the FLSA Collective the applicable minimum wage in workweeks in which Defendants failed to pay wages at all.

59. Defendants also failed to pay Plaintiff and the FLSA Collective the applicable minimum wage in workweeks in which Defendants required them to bear necessary business expenses primarily benefiting Defendants and thereby drove their effective wages below the required minimum.

60. Defendants' failure to pay minimum wages was willful.

61. As a result, Defendants are liable for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and other appropriate relief.

### 7.2. Failure to Pay Overtime Wages Under the FLSA - 29 U.S.C. §§ 207, 216(b)

62. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

63. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate for hours worked over forty in a workweek.

64. Plaintiff and members of the FLSA Collective worked more than forty hours in one or more workweeks.

65. Defendants paid Plaintiff and members of the FLSA Collective flat day rates and failed to pay proper overtime premiums for hours worked over forty.

66. Defendants' failure to pay overtime wages was willful.

67. As a result, Defendants are liable for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and other appropriate relief.

### 7.3. Failure to Pay Minimum Wages Under the NYLL - N.Y. Lab. Law §§ 650 et seq., 663

68. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

69. The NYLL requires employers to pay employees at least the applicable minimum wage for each hour worked.

70. Defendants failed to pay Plaintiff and the New York Class the applicable minimum wage in workweeks in which Defendants failed to pay wages at all.

71. Defendants also failed to pay Plaintiff and the New York Class the applicable minimum wage in workweeks in which Defendants shifted required business expenses and tools-of-the-trade costs onto them and thereby reduced their effective wages below the required minimum.

72. As a result, Defendants are liable for unpaid minimum wages, liquidated damages to the extent available, prejudgment interest, attorneys' fees, costs, and other appropriate relief.

### 7.4. Failure to Pay Overtime Wages Under the NYLL - N.Y. Lab. Law §§ 650 et seq., 663

73. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

74. The NYLL requires employers to pay non-exempt employees one and one-half times their regular rate for hours worked over forty in a workweek.

75. Plaintiff and members of the New York Class worked more than forty hours in one or more workweeks.

76. Defendants failed to pay Plaintiff and members of the New York Class proper overtime compensation.

77. As a result, Defendants are liable for unpaid overtime wages, liquidated damages to the extent available, prejudgment interest, attorneys' fees, costs, and other appropriate relief.

### 7.5. Failure to Timely Pay Wages Under the NYLL - N.Y. Lab. Law §§ 191, 198

78. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

79. Plaintiff and members of the New York Class were manual workers within the meaning of the NYLL.

80. The NYLL requires manual workers to be paid weekly and not later than seven calendar days after the end of the week in which wages are earned.

81. Defendants failed to timely pay Plaintiff and members of the New York Class in accordance with NYLL § 191.

82. Defendants also failed to timely pay Plaintiff all wages due by the regular payday for the pay period in which his employment ended.

83. As a result, Defendants are liable for all damages, interest, attorneys' fees, costs, and other relief available under the NYLL.

### 7.6. Wage Notice Violations Under the NYLL - N.Y. Lab. Law §§ 195(1), 198

84. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

85. NYLL § 195(1) required Defendants to provide Plaintiff and members of the New York Class, at hiring and within the time required by law, a written notice stating, among other things, the rate or rates of pay, the basis of pay, the regular payday, and other required payroll information.

86. Defendants failed to provide Plaintiff and members of the New York Class with the required wage notices.

87. Defendants' failure to provide wage notices caused Plaintiff the concrete informational and economic harm described above.

88. As a result, Defendants are liable for statutory damages, costs, attorneys' fees, and other appropriate relief.

### 7.7. Wage Statement Violations Under the NYLL - N.Y. Lab. Law §§ 195(3), 198

89. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

90. NYLL § 195(3) required Defendants to furnish Plaintiff and members of the New York Class with accurate wage statements with every payment of wages.

91. Defendants failed to furnish Plaintiff and members of the New York Class with compliant wage statements.

92. Defendants' failure to furnish accurate wage statements caused Plaintiff the concrete informational and economic harm described above.

93. As a result, Defendants are liable for statutory damages, costs, attorneys' fees, and other appropriate relief.

## 8. NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATION LAW § 630

94. Plaintiff gives written notice, pursuant to New York Business Corporation Law § 630, that he intends to hold Bilal Riaz and any other shareholder of Skyrise Restoration Group Incorporated and/or Grey Stone Restoration Corp. liable, to the fullest extent permitted by law, for unpaid debts, wages, salaries, overtime compensation, and other compensation due and owing to Plaintiff and similarly situated employees for services performed. This notice is further set forth in Exhibit A to this Complaint and is incorporated herein by reference.

## 9. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the New York Class, respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Certifying this action as an FLSA collective action and authorizing notice to the FLSA Collective;

B. Certifying this action as a Rule 23 class action as to the NYLL claims, appointing Plaintiff as class representative, and appointing his counsel as class counsel;

C. Awarding unpaid minimum wages;

D. Awarding unpaid overtime wages;

E. Awarding damages for untimely payment of wages under the NYLL;

F. Awarding statutory damages for wage notice violations;

G. Awarding statutory damages for wage statement violations;

H. Awarding recovery for unreimbursed required business expenses and tools-of-the-trade costs to the extent recoverable under the FLSA and NYLL;

I. Awarding liquidated damages to the fullest extent permitted by law;

J. Awarding prejudgment interest and post-judgment interest to the fullest extent permitted by law;

K. Awarding attorneys' fees and costs;

L. Preserving Plaintiff's rights under New York Business Corporation Law § 630 against Bilal Riaz and any other shareholder of Skyrise Restoration Group Incorporated and/or Grey Stone Restoration Corp. liable for unpaid wages, salaries, overtime compensation, and other compensation for services performed; and

M. Awarding such other and further relief as the Court deems just and proper.

**10. <u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Astoria, New York
May 14, 2026

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.,
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102

Phone: 718-269-2243
CTucker@SaccoFillas.com

NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATION LAW § 630

TO: BILAL RIAZ, and any other shareholder of SKYRISE RESTORATION GROUP INCORPORATED and/or GREY STONE RESTORATION CORP.

PLEASE TAKE NOTICE that Plaintiff Luis Gonzalez gives written notice, pursuant to New York Business Corporation Law § 630, that he intends to hold Bilal Riaz and any other shareholder of Skyrise Restoration Group Incorporated and/or Grey Stone Restoration Corp. personally liable, to the fullest extent permitted by law, for unpaid debts, wages, salaries, overtime compensation, and other compensation due and owing for services performed.

Plaintiff performed labor and other work for Skyrise Restoration Group Incorporated, Grey Stone Restoration Corp., and/or related entities in New York. Plaintiff's employment ended on or about December 30, 2025.

Plaintiff alleges that he is owed wages and related compensation, including unpaid earned wages, unpaid minimum wages, unpaid overtime wages, untimely paid wages, and unreimbursed required work expenses that reduced his wages. Plaintiff further alleges that Defendants failed to pay wages and compensation due for services performed.

This notice is intended to satisfy and preserve Plaintiff's rights under New York Business Corporation Law § 630 against Bilal Riaz and any other shareholder liable under that statute. Nothing in this notice limits Plaintiff's claims against Skyrise Restoration Group Incorporated, Grey Stone Restoration Corp., Bilal Riaz individually as an employer, or any other person or entity liable under the Fair Labor Standards Act, the New York Labor Law, New York Business Corporation Law § 630, or any other applicable law.

Dated: Astoria, New York
May 14, 2026

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.,
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

**CONSENT TO JOIN ACTION**

**REQUEST TO BECOME A PARTY-PLAINTIFF**

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: **Luis Gonzalez**

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Luis [signature] (Dec 31, 2025 15:02:38 EST) Date: **12/31/2025**