UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS GONZALEZ,<br>Plaintiff,<br>-v-<br>SKYRISE RESTORATION GROUP INCORPORATED, *et al.*,<br>Defendants. | 26 Civ. 4000 (JPC)<br><br><u>ORDER</u> |

JOHN P. CRONAN, United States District Judge:

On August 6, 2026, Plaintiff Luis Gonzalez filed affidavits purporting to have served Defendants Skyrise Restoration Group Incorporated, Grey Stone Restoration Group, and Bilal Riaz on July 17, 2026. Dkts. 7-9. Defendants' deadline to respond to the Complaint was therefore August 7, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). That deadline has passed, and the docket does not reflect a response to the Complaint. Accordingly, the Court extends *sua sponte* Defendants' deadline to respond to the Complaint until two weeks from the date that Plaintiff files on the docket proof that it has served Defendants with this Order.

Plaintiff should serve this Order on Defendants by personally delivering it to, and leaving it with a person of suitable age and discretion at, 721 Park Lane, Cedarhurst, New York 11516. Plaintiff should file proof of such service no later than August 31, 2026. Plaintiff's proof of such service must provide information indicating why it is reasonable to believe that the person that the Order is left with is qualified to accept service on behalf of Defendants. *See Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient.").

By August 21, 2026, Plaintiff must also show cause why this case should not be transferred to the Eastern District of New York or dismissed for improper venue. Although the Complaint alleges that "Plaintiff performed a substantial amount of work in Manhattan," Dkt. 1 ¶ 13, it does not describe the facts which support that assertion. Additionally, given that Defendants do business in Long Island, a transfer to the Eastern District of New York may further "the convenience of parties and witnesses" and be "in the interest of justice." 28 U.S.C. § 1404(a).

SO ORDERED.

Dated: August 10, 2026
New York, New York

JOHN P. CRONAN
United States District Judge